IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| PETER WILLIAM HARPER, | Cause No. CV 12-9-H-DWM-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On January 25, 2012, Petitioner Peter Harper filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis.

### I. Motion to Proceed In Forma Pauperis

After reviewing the motion and supporting account statement, I find Petitioner has sufficiently shown he cannot afford to pay all costs that may be associated with

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

this action. The motion to proceed in forma pauperis will be granted.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## III. Analysis

Petitioner was sentenced in 1996 to serve a total of thirty-one years in the custody of the Department of Corrections, with ten years suspended. Pet. (doc. 1) at 1 ¶¶ 2-5. First, he alleges that the sentence was illegal because he was committed to more than five years in the custody of the Department of Corrections. *Id.* at 5. Second, he alleges that he has no access to a law library or legal resources at the Lewis and Clark County Detention Center, where he is incarcerated pending revocation proceedings. *Id.* at 6. Third, he alleges he was denied adequate dental care. *Id.* at 8. Finally, he contends that the revocation proceedings were not correctly initiated. *Id.* at 9-10.

First, the requirement that "all but the first five years of the commitment to the department of corrections must be suspended" did not come into effect until 1999.

Petitioner was sentenced in 1996. *Compare* Mont. Code Ann. § 46-18-201(1)(e) (1995) *with id.* § 46-18-201(3)(d)(i) (1999). Even assuming the dubious proposition that Petitioner could state a federal claim on this basis, *contra Wilson v. Corcoran*, \_\_ U.S. \_\_, 131 S. Ct. 13, 16 (2010) (per curiam), his sentence complied with state law.

Petitioner's second claim does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that § 2254 is the proper jurisdictional basis for any habeas action filed by a prisoner who is in custody pursuant to a state court's judgment), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).

Third, Petitioner states that he has received dental care, Pet. at 8, so the claim is moot. And again, although he also states that he fears another infection, *id.*, his fear does not mean that "he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a); *White*, 370 F.3d at 1006-07.

Finally, Petitioner's revocation proceedings are ongoing. The records of the First Judicial District Court, *see* Pet. at 1, 10 ¶ (c) (referring to case register report in

*State v. Harper*, No. DC-25-1995-0000167-IN (Mont. 1st Jud. Dist. Court))[1]; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011)(court permitted to take judicial notice of documents related to habeas filing), show that a revocation hearing is set for February 15, 2012. If that hearing has not yet occurred and any adverse decision has not yet been appealed, then Petitioner has not exhausted his state remedies. And he must exhaust his state remedies, including timely direct appeal if the judge's decision is adverse to him, before he may proceed in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). Dismissal of the revocation claim at this time will not prejudice Petitioner. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because ample time remains in the federal limitations period, there is no good cause to stay the federal petition, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and no reason to amend and then stay it, *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009).

A certificate of appealability is not warranted because Petitioner's claims are frivolous. Even if violation of state law could give rise to relief in federal court, Petitioner is wrong about what state law says. His claims regarding access to a law library and dental care do not show that he is in custody in violation of federal law.

---

[1] Though Petitioner directed the Court's attention to the case register report, he did not file it. Following his request, the Court placed a call to the Clerk of the First Judicial District Court.

Finally, whatever the merits of his revocation claim, it is plainly unexhausted, there is no good cause to stay and no other reason to amend and stay the petition, and the exhaustion requirement itself is beyond question. A certificate of appealability is not warranted on any claim. 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, __ U.S. __, No. 10-895, slip op. at 9 (U.S. Jan. 10, 2012); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484); Rule 11(a), Rules Governing § 2254 Proceedings (requiring specification of issue meeting § 2253(c) standard only where COA is granted).

Based on the foregoing, the Court enters the following:

**ORDER**

Petitioner's motion to proceed in forma pauperis (doc. 5) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. Petitioner's first claim should be DENIED on the merits. His second and third claims should be DISMISSED for failure to state a claim under 28 U.S.C. § 2254(a). His fourth claim should be DISMISSED as unexhausted.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against Petitioner on the first claim and a judgment of dismissal on the remainder of the claims.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Petitioner files objections, he must itemize each factual finding to which objection is made and must identify the evidence he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Petitioner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or

waive the right to appeal.

Petitioner must immediately inform the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 31st day of January, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge