

FEB 2 9 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| PETER WILLIAM HARPER, | ) | CV 12-9-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On January 25, 2012, Petitioner Peter Harper filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. Mr. Harper claims that his sentence is illegal because he was committed to more than five years in the custody of the Department of Corrections. He also claims that he is being denied access to a law library or legal resources, that he was

1

denied adequate dental care, and that his revocation proceedings were incorrectly initiated. The matter was referred to Magistrate Judge Strong under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* United States Magistrate Judge Strong entered Findings and Recommendations on January 31, 2012.

Judge Strong granted Mr. Harper's motion to proceed in forma pauperis. Judge Strong recommended that Mr. Harper's first claim should be denied on the merits, that his second and third claims should be dismissed for failure to state a claim under 28 U.S.C. § 2254(a), and that his fourth claim should be dismissed as unexhausted.

Mr. Harper did not object to any of the findings and recommendations. Thus, the Court reviews those findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court finds no clear error in Judge Strong's findings and recommendations and adopts them in full.

## I. Mr. Harper's sentence

Mr. Harper first alleges that his sentence of thirty-one years, with ten years suspended, is illegal because he was committed to more than five years in the custody of the Department of Corrections. Judge Strong correctly noted that the requirement that "all but the first five years of the commitment to the department of corrections must be suspended," Mont. Code Ann. § 46–18–201(3)(d)(i) (1999), did not come into effect until 1999. Mr. Harper was sentenced in 1996, and the controlling statute was Montana Code Annotated § 46–18–201(1)(e) (1995), which provided that the court may "commit the defendant to the department of corrections for placement in an appropriate correctional institution or program." Mr. Harper's sentence complies with that statute, and his claim therefore fails on the merits.

## II. Access to law library or other legal resources

Mr. Harper alleges that he has no access to a law library or legal resources. An application for a writ of habeas corpus will be entertained "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Harper's claim is not cognizable under Section 2254. *Cf. Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011) (recognizing that claims regarding access to prison law

libraries are cognizable under 42 U.S.C. § 1983); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977).

## III. Dental care

Judge Strong recommended dismissing Mr. Harper's dental-care claim as moot because he has now received dental care. Mr. Harper, though, fears another infection. This fear does not imply that Mr. Harper's incarceration is "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). His claim therefore fails.

## IV. Revocation proceedings incorrectly initiated

Finally, Mr. Harper claims that his revocation proceedings were incorrectly initiated. His revocation proceedings are ongoing, though, and he has not exhausted his state remedies. Mr. Harper's state remedies must be exhausted before he can pursue his claim in a federal habeas action. 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

The Court finds no clear error in Judge Strong's findings and recommendations and adopts them in full. A certificate of appealability is not warranted for any of Mr. Harper's claims. 28 U.S.C. § 2253(c)(2).

IT IS ORDERED that Judge Strong's Findings and Recommendations (dkt

# 4) are adopted in full.

IT IS FURTHER ORDERED that Peter Harper's first claim (dkt # 1), regarding his sentence, is DENIED on the merits. Mr. Harper's second and third claims (dkt # 1), regarding access to a law library and dental care, respectively, are DISMISSED for failure to state a claim upon which relief may be granted. Mr. Harper's fourth claim (dkt # 1), regarding his revocation proceedings, is DISMISSED for failure to exhaust.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document: (1) a judgment in favor of the respondents and against Mr. Harper on Mr. Harper's first claim and (2) a judgment of dismissal on the remainder of Mr. Harper's claims.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 29th day of February 2012.

Donald W. Molloy, District Judge
United States District Court